### Grose *versus* Henry Hilt.

Under R. S. c. 76, § 18, 19 and 20, the obligation of a stockholder to pay corporation debts is made to depend upon the officer's certificate upon execution, that he could not find corporate property.

Before the existence of such execution and certificate, payments made by a stockholder upon any debt of the corporation, though it might give him a claim against the corporation, will constitute no defence to a suit by a judgment creditor, upon whose execution the prescribed certificate has been made.

The Act of 1851, c. 110, in relation to the liability of stockholders for corporation debts, was merely prospective.

The treasurer's certificate of a payment made by a stockholder towards corporation debts, is explainable by parol, especially to show the time of the payment, if in that respect the certificate be silent.

In a suit against a stockholder, liable for corporation debts, the judgment against him may include the cost of suit, in addition to the amount of his stock.

THE Georges Canal Company was incorporated in 1846, and made subject to the rule contained in the eighteenth section of R. S. c. 76, that, in case of deficiency of attachable corporate property or estate, the individual property of every stockholder shall be liable, to the amount of his stock, for all

debts due from the corporation contracted during his owner-ship of the stock, *provided* that, in every such case, the offi-cer holding an execution against the company shall first ascer-tain and certify upon such execution that he cannot find cor-porate property or estate. By the twentieth section, a credi-tor of the company may, after such a return upon the execu-tion, and after a certain prescribed notice, have an action of the case against the stockholder.

From the organization of the company, the defendant in this case was, and has ever since continued to be, holder of two shares, amounting to one hundred dollars.

The plaintiff recovered judgment against the company in April, 1850, to the amount of $99,79. Upon the execution issued on that judgment, the officer returned, January, 1851, that he could find no corporate property, and further returned March 1, 1851, that he had given the prescribed notice to the defendant.

This action of the case was brought March 5, 1851, to re-cover against the defendant the amount of his stock, $100, to satisfy said judgment.

Several persons having just claims, amounting to $100, against the company had received from the president his or-ders upon the treasurer to pay the same. These orders the defendant took from the holders, on April 30, 1849, by paying to them their respective amounts ; and immediately surrender-ed them to the treasurer, taking his certificate of having re-ceived from the defendant $100, for payment of debts due from the corporation.

An Act, passed June 2, 1851, c. 210, provided, that when a stockholder shall have paid any just and legal debt of the corporation, and shall produce a certificate under the hand of the treasurer that he has paid such debt, he shall be exempted from further liability in his private property to the amount of such payment, whether a demand had or had not been made upon him by the officer.

After the passage of that Act, the defendant procured from the treasurer a new certificate of having made payment to

the amount of $100, of the corporate debts. The plaintiff, against objection by the defendant, introduced the deposition of the treasurer, showing that the payment by the defendant was the same payment made as above stated, on April 30, 1849. Many questions of law were reported by the Judge for the decision of the Court.

*A. P. Gould,* for the plaintiff.

*M. H. Smith,* for the defendant.

TENNEY, J. — The plaintiff recovered judgment against the "Georges Canal Company" at the Feb. term, 1850, of the late District Court, in the county of Lincoln, and upon an execution issued thereon, January 3, 1851, and placed in the hands of a deputy sheriff of that county, he returned under date of January 4, 1851, that by virtue of that execution, he had made diligent search for corporate property or estate of the "Georges Canal Company," but had been unable to find any. On March 1, 1851, he made further return upon the execution according to the provisions of c. 76, § 19, of the R. S. The present action is brought against the defendant, for the purpose of recovering of him individually, as a stockholder in that company, the amount of this execution, on the ground of his liability to pay a sum equal to the capital stock belonging to him, in addition to the capital stock, it being agreed that he has been the owner of two shares in the company since its incorporation, and has paid thereon the sum of one hundred dollars, the price of the two shares.

The defendant relies upon the fact, as a defence of this action, that he paid before the institution of this suit, a like sum to the creditors of the company and received, indorsed, the orders drawn in their behalf for their just indebtedness, and that he surrendered the orders to the treasurer of the company, and received his receipt therefor dated April 30, 1849, and contends that by the provision of sections 18, 19 and 20, of the chapter referred to, he is relieved from all liability.

The right of creditors of the company to resort to individual property, rights and credits of stockholders, arises in case

of a deficiency of attachable corporate property or estate, — " provided in every such case, the officer holding the execution shall first ascertain and certify upon the execution, that he cannot find corporate property or estate."

It is only in such a contingency, shown by such proof, that the property, rights and credits of a stockholder, are liable to be taken on an execution against the company ; or that an action on the case against such stockholder to recover of him individually the amount of his execution and costs, not exceeding the amount of the stock held by such stockholder, can be maintained. If the evidence, prescribed by the statute, of the want of corporate means to pay the execution against the company be wanting, the stockholder may pay the execution ; but it must be regarded a voluntary payment, and he may become an equitable or legal creditor of the company, by taking the place of the one whose claim he has satisfied. But the execution not being against the stockholder, he cannot be liable to pay the same, unless the steps pointed out in the statute have been followed. *Andrews v. Callender*, 13 Pick. 484. And it follows, that a payment made without liability to make it, does not, under the Revised Statutes, c. 76, § § 18, 19 and 20, take from a creditor the right to resort to his property, when such creditor has shown by the proper evidence that the corporate means have failed, and he has caused the requisite notice to be given in order to fix his liability.

In the case before us, the defendant paid no debt of the company after a certificate on an execution against it, that corporate property or estate could not be found, and notice to him of his liability ; and the payment which was made, was unavailing to release him from his previous liability, by virtue of the Revised Statutes.

The defendant also relies upon the statute of June 2, 1851, c. 210, which provides, that whenever any stockholder named in the eighteenth, nineteenth and twentieth sections of the seventy-sixth chapter of the Revised Statutes, shall have paid and satisfied any just and legal debt or debts of such corporation, and shall produce a certificate under the hand of the

treasurer of such corporation, that he has paid such debt or debts, and that the same has not been refunded to him, such stockholder shall thereby be exempted from further liability, &c., whether such debts shall or shall not have been demanded by an officer holding an execution against said corporation for such debts. It is manifest, that the Legislature intended to relieve a stockholder, who should bring himself within the provisions of this Act from further liability, without the returns upon an execution, by an officer holding the same, required by R. S. c. 76, §§ 18, 19 and 20. But from the language of the Act it is equally manifest, that its operation was designed to be prospective only. The payment referred to, is a payment to be made after the passage of the statute, and cannot embrace payments previously made. The tense used, " shall have paid and satisfied," is what Noah Webster denominates, " the prior future, indefinite," and which he defines to be " an action, which will be passed at a future time specified." Webster's Grammar of the English language in his Quarto Dictionary, 1st edition.

The language will be found, on examination of the object of the Act, to be singularly precise and exact. The payment contemplated is not to be made to the treasurer, but to a creditor ; and the former is not supposed to have actual knowledge of the payment, but to give the certificate upon evidence thereof, which is satisfactory to him. And to relieve a stockholder from the liability, the statute requires two things ; one, that he has paid and satisfied a just and legal debt of the corporation, and the other, the production of a certificate thereof, under the hand of the treasurer. Between a creditor seeking his remedy in this mode, and such stockholder, the treasurer's certificate is not made conclusive evidence of the payment, though it may be evidence that the company assent to it ; and by established principles of evidence, it may be inadmissible as proof of payment. The treasurer's certificate must be subsequent in time to the payment to a creditor ; hence the appropriateness of the language, which signifies that the stockholder shall have paid and satisfied debts of the corporation, when he shall apply to the treasurer for a certificate and obtain it.

Grose *v.* Hilt.

The defendant contends that he has brought himself within the provisions of the Act of June 2, 1851, even on the ground that it was intended to be exclusively prospective in its operation, by the certificate of the treasurer of the company, dated Oct. 8, 1851. It would be competent for the defendant to prove that he had paid the just and legal debt of the corporation, by other evidence than the certificate of the treasurer, even if that should be deemed inadmissible for such purpose. And it is equally competent for the plaintiff to show at what time, and in what mode such payment was made, especially if it does not contradict or vary the statements contained in the treasurer's certificate. The time and manner of the payment relied upon in the defence of this action are not specified in the certificate; and the evidence introduced by the plaintiff, which is regarded as admissible, shows clearly that the payment was the same which was made before the receipt of the treasurer of the company, dated April 30, 1849, and does not bring the defendant within the provisions of the Act of June 2, 1851, and the plaintiff is entitled to recover in this action.

Is a creditor, who prevails in an action like the present, entitled to recover his costs, if by such recovery, the defendant is subjected to the payment of a sum greater than his capital stock in addition thereto? It is implied, that after the individual stockholder has received the notice referred to in chap. 76, sect. 19, he may make payment of the sum for which he is liable, before the levy of the execution upon his property, or the institution of a suit against him. And if he omit to make payment, and costs are incurred, it is for his own delinquency, and costs will follow the recovery of damages, under the general provision, that in a suit at law the prevailing party shall recover costs.

Several other questions presented by the case, become unimportant to a final decision of the cause, and an examination of them becomes unnecessary.        *Defendant defaulted.*

SHEPLEY, C. J., and HOWARD, RICE and APPLETON, J. J., concurred.